## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                               Criminal No. 04-465(1) (DWF/JSM)

                    Plaintiff,

v.                                                      **ORDER AND MEMORANDUM**

Roland Emanuel Nelson,

                    Defendant.

_____

Robert M. Lewis, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

James E. Ostgard, II, Esq., Ostgard Law Office, counsel for Defendant.

_____

This matter is before the Court upon the Government's objections to Magistrate Judge Janie S. Mayeron's Report and Recommendation dated March 18, 2005, recommending that Defendant Roland Nelson's motion to suppress evidence seized at 3626 McKinley Street be granted.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c). Based on the Court's *de novo* review of the record, including the search warrant affidavit in question, and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.      The Government's objections (Doc. No. 39) to Magistrate Judge Janie S. Mayeron's Report and Recommendation dated February 18, 2005, are **DENIED**.

2.      Magistrate Judge Janie S. Mayeron's Report and Recommendation dated March 18, 2005 (Doc. No. 34), is **ADOPTED**.

3.      Defendant Roland Nelson's motion to suppress evidence seized at 3626 McKinley Street (Doc. No. 13) is **GRANTED**.


Dated:  June 2, 2005                          s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             Judge of United States District Court


**MEMORANDUM**

In reviewing the record in this case *de novo*, the Court carefully scrutinized the search warrant affidavit prepared by Investigator Joseph Guy ("Investigator Guy") and, in so doing, read the affidavit in a "common sense and realistic fashion" based on the totality of the circumstances before the Court. *United States v. Phillips*, 88 F.3d 582, 585 (8th Cir. 1996) (quoting *United States v. Gladney*, 48 F.3d 309, 312 (8th Cir. 1995)).  Given this common sense and practical standard, it is a rare occurrence when an affidavit fails to establish probable cause.  Moreover, it is almost unheard of in jurisprudential circles that a search warrant affidavit is so facially deficient that it is objectively unreasonable for a law enforcement officer to present it as valid and then execute it as valid.  The specific facts of this case constitute one of those unlikely situations.

2

Here, the affidavit for the search warrant is "glaringly deficient."  The affidavit did not establish

probable cause and the warrant in this case cannot be saved or rescued by the good faith exception

announced in *United States v. Leon*, 468 U.S. 897 (1984).  The affidavit was used to support the

search warrant, but it provided no information with respect to the person or persons supplying the

information to the investigating officer, who was both the search warrant affiant and the officer executing

the warrant.  There is no information set forth in the affidavit upon which to evaluate the "veracity" or

"basis of the knowledge" of the person supplying the information to the officer, assuming that the source

of the information was known.  For these reasons, Defendant's motion to suppress evidence seized at

3626 McKinley Street (Doc. No. 13) must be granted.

**Search Warrant Issued on June 9, 2003**

The factual background for this matter is clearly and concisely set forth in the Report and

Recommendation ("R&R") and is incorporated by reference for purposes of Plaintiff's objections.

On June 9, 2003, the search warrant was issued by a Hennepin County District Judge and was

executed by Investigator Guy.  Significantly, Investigator Guy was the primary, if not the only,

investigator on the case, the affiant for the search warrant, and the officer executing the search warrant.

All of the information that law enforcement authorities were aware of at the time of the issuance of the

search warrant was vested in one person, Investigator Guy, who prepared the search warrant affidavit

and presented it to the judge.

As pointed out by Magistrate Judge Mayeron in her R&R, the task of issuing a search warrant

is "simply to make a practical, commonsense [sic] decision whether, given *all the circumstances set*

*forth in the affidavit* . . . including the 'veracity' and 'basis of knowledge' of persons supplying hearsay

information there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (emphasis added).  In reviewing this decision of the issuing court, the duty of the reviewing court is simply to ensure that the issuing court had a substantial basis for concluding that probable cause existed. *Id.* at 238-39.

Relevant or not, this Court has reviewed hundreds of search warrant affidavits in more than twenty years on the bench.  The instant search warrant did not provide probable cause for the search of 3626 McKinley Street Northeast.  The affidavit is more conclusory than any that this Court has reviewed.  That is especially significant on the facts of this case since one person--Investigator Guy-- possessed all of the information including, presumably, the age of the information, the source of the information, and the credibility and veracity of that information.  Yet, such critical information appears nowhere in the search warrant.  The United States, in its objections, suggests that it is significant, if not constitutionally determinative, that Investigator Guy had 34 years of experience, including 18 years of fraud investigation experience.  However, "saying it is so does not make it so."

There is an entire dearth of information with respect to the source of information, with the closest thing to an identifiable source being a "helper," Tod O'Donoghue, who worked for the Defendant from approximately November 2002 to February 2003.  There is no information in the search warrant as to when any information was obtained by the affiant, how it was obtained, or from whom it was obtained.  There is no basis upon which the Court could evaluate the veracity and basis of

knowledge of the source of information to the investigator even though this particular investigator was vested with all information of the investigation.[1]

The only basis of knowledge provided in the search warrant affidavit is the phrase "your affiant's investigation."  Given the lack of supporting information as to source, or the who, what, when, or where, there was no manner in which the issuing judge could test the veracity and basis of knowledge of Investigator Guy's investigation.  The Court therefore finds and concludes that the warrant to search the Defendant's home was not supported by probable cause.  The Court must necessarily observe that not one search warrant affidavit contained in any case cited by the United States mirrors the affidavit presented here because of the entire lack of identification information with respect to the source of the information.  Without that information, there is no independent and common sense evaluation of the basis for Investigator Guy's conclusions.

**_United States v. Leon_, 468 U.S. 897 (1994):  Good Faith Exception**

On the facts of this case, even in the context of the totality of the circumstances as contemplated by _Illinois v. Gates_, while Investigator Guy did not spin a "prevaricating tale," and no one asserts as much, the affidavit for the search warrant was insufficient, it failed to establish probable cause, and the search warrant here cannot be saved or rescued by the good faith exception.

---

[1]     While not constitutionally significant, the Court assumes, without knowing, that the investigator himself, as opposed to a lawyer, drafted the search warrant affidavit.  This may, in part, explain its conclusory and deficient nature.  The search warrant is not only bare bones, but it makes no attempt to identify with any specificity the source of information, the basis of knowledge, age of knowledge, or any other information that would bear on these issues.  During recent years, it has been this Court's observation, at all levels of law enforcement, that investigating officers frequently draft search warrant affidavits rather than prosecuting attorneys.  The better practice is the preparation of search warrant affidavits by prosecuting attorneys.

The *Leon* good faith exception applies in all but four limited sets of circumstances.  The four such circumstances are:  (1) where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his wreckless disregard of the truth"; (2) "where the issuing magistrate wholly abandoned his judicial role in the manner condemned"; (3) where the affidavit supporting the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) where, depending upon the circumstances of the particular case, a warrant is "so facially deficient--i.e., in failing to particularize the place to be searched or the things to be seized--that the executing officers cannot reasonably presume it to be valid."  *Leon*, 468 U.S. at 923 (internal citations omitted).  Ordinarily, a police officer cannot be expected to question a judge's probable cause determination.  *United States v. Gibson*, 928 F.2d 250, 253 (8th Cir. 1991) (citing *Leon*, 468 U.S. at 922).  Evidence should be suppressed only if the affiant officer could not have harbored an objectively reasonable belief in the existence of probable cause.  *Id.* at 253, 254.

Here, it is significant that the search warrant affiant was both the investigator in the case and the individual who executed the search warrant.  Investigator Guy had been an officer for 34 years, 18 which were spent in the fraud area.  He, like any reasonably well-trained officer, knew that he had to provide underlying facts as to his source of information, persons, places, and when the information was provided so that a judge might assess the basis of information and the veracity of the information given.  Instead, Investigator Guy provided conclusory statements containing no identification whatsoever of his source of information.

It was objectively unreasonable for an officer with 34 years of experience to present a search warrant affidavit to a judge with only conclusory assertions.  The affidavit supporting the warrant was so lacking on the issue of probable cause as to render official belief in its existence entirely unreasonable on the record before the Court.  If Investigator Guy was harboring an objectively reasonable belief in the existence of probable cause, he did not state so in the affidavit.

For reasons that are unclear to this Court, both the United States and the Defendant objected to an evidentiary hearing on the very issue of the applicability of *Leon's* good faith exception, even after a telephone conference during which the Magistrate Judge telegraphed her concern to the lawyers about the insufficiency of the search warrant.[2]

*Leon* teaches us that the suppression of evidence occurs only in those unusual cases in which exclusion will further the purposes of the exclusionary rule.  *Leon*, 468 U.S. at 918.  Investigator Guy, an experienced investigating officer, the search warrant affiant, and the officer who executed the search warrant, knew that the preparation of an affidavit containing such conclusory statements and assertions without identifying the basis of his knowledge was unreasonable conduct, especially in the absence of any asserted exigent circumstances.

For these reasons, the Court concludes, as did Magistrate Judge Mayeron, that the search and seizure of the evidence of the Defendant's residence violated the requirements of the Fourth

---

[2]     The Court does not have to reach the issue, given its ruling, but it nonetheless notes that, on the facts of this case, it was clearly within the Court's discretion to set an evidentiary hearing as to whether or not Investigator Guy manifested objective good faith in relying on the warrant.

Amendment and the evidence shall not be admissible under the good faith exception to the exclusionary rule.  To conclude otherwise would sanction the preparation and use of such deficient affidavits.

D.W.F.